UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED MAY 06 2019
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.

JOHN DOE subscriber assigned IP Address 68.60.33.52,

    Defendant.
_____/

Case No. 19-cv-10913

Paul D. Borman
United States District Judge

Stephanie Dawkins Davis
United States Magistrate Judge

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE (ECF #4)

Before the Court is Plaintiff Strike 3 Holdings, LLC's ("**Strike 3**") Motion for Leave to Serve Third Party Subpoena Prior to Rule 26(f) Conference. Strike 3 filed suit on March 28, 2019, against a single "John Doe" Defendant, identified only by the subscriber Internet Protocol ("**IP**") address he or she is alleged to have used to unlawfully download and share Strike 3's allegedly copyrighted movies. On April 23, 109, Strike 3 filed the instant motion, seeking to discover the identity of the John Doe named in the Complaint by serving a subpoena on the Internet Service Provider ("**ISP**") associated with the identified IP address. Strike 3 seeks permission to subpoena the ISP to obtain John Doe's "true name and address."

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek

1

discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule (26)(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." In exercising the discretion granted by Rule 26(d)(1) to order early discovery, several courts in this District, and elsewhere across the country, have applied a good-cause standard in similar file-sharing cases to determine whether such discovery should be authorized. *See Cobbler Nevada, L.L.C. v. Does 1-15*, No. 15- 11871, 2015 WL 4276082, at *1 (E.D. Mich. July 14, 2015); *Malibu Media, LLC v. Doe*, No. 13-12202, 2013 WL 12184289, at *1 (E.D. Mich. June 25, 2013); *Third Degree Films, Inc. v. Does 1-72*, No. 12-14106, 2012 WL 12931709, at *1 (E.D. Mich. Nov. 13, 2012). In these copyright infringement cases, courts have further refined the "good cause" standard, permitting limited discovery prior to a Rule 26(f) conference related to the identity of a John Doe defendant where: "(1) the plaintiff makes a prima facie showing of a copyright infringement claim; (2) the plaintiff submits a specific discovery request; (3) the information sought is limited in scope and not available through alternative means; and (4) there is a minimal expectation of privacy on the part of the defendant." *Malibu Media*, 2013 WL 12184289, at *1 (citing *Arista Records, LLC v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010)). *See also Malibu Media, LLC v. Doe*, No. 13-12224, 2013 WL 12180742, at *1 (E.D. Mich. June 5, 2013); *Third Degree Films*, 2012 WL

12931709, at *1.

In this case, the Court concludes that Strike 3 has demonstrated good cause for early discovery, pleading a plausible claim of copyright infringement and specifically identifying the information sought. As several courts have done in similar John Doe cases, this Court concludes that defendants do not have a reasonable expectation of privacy in their IP addresses. *See Cobbler Nevada*, 2015 WL 4276082, at *1 (citing *Hard Drive Prods. v. Does 1-48*, No. 11-9062, 2012 WL 2196038, at *4 (N.D. Ill. June 14, 2012)); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 247 (N.D. Ill. 2011). The information sought by Plaintiff is also necessary, otherwise unavailable, and narrowly tailored to the limited purpose of discovering the identity of the individual associated with the identified IP address.

Accordingly, Strike 3's motion is GRANTED IN PART AND SUBJECT TO THE FOLLOWING MODIFICATIONS:

1. Strike 3 shall attach a copy of this Order to the subpoena it issues to John Doe's ISP.
2. Strike 3's subpoena to the ISP may seek ONLY the following information regarding John Doe:
   a. full name, and
   b. residential address.
3. Within **seven (7) days** of its receipt of the subpoena, the ISP shall reasonably attempt to identify the subject John Doe subscriber and provide him or her with a copy of the subpoena and this Order.

4. The ISP shall have **twenty-one (21) days** from the service of the subpoena to move to quash or otherwise object to the subpoena. John Doe shall have **fourteen (14) days** from receipt of the subpoena from the ISP to move to quash or otherwise object to the subpoena. The ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. Where no motion is filed by either the ISP or John Doe within the time periods prescribed herein, the ISP shall produce to Strike 3 the information identified in Paragraphs 2(a) and 2(b) above.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as alleged in its Complaint.

In addition, IT IS ORDERED that going forward in this case, and in all future cases of this type assigned to Judge Borman, the Defendant shall be identified in all public filings only as "John Doe" until further Order of this Court. Also, no party shall use the name, address, or any other identifying contact information of the Defendant in any public filing in this case.

IT IS SO ORDERED.

Dated: MAY 0 6 2019

Paul D. Borman
United States District Judge